**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

IN THE MATTER OF THE COMPLAINT : 
OF LONGSHORE SAILING SCHOOL, : 
INC., AS OWNER OF ONE HOBIE CAT : 
GETAWAY CATAMARAN (H.I.N. :              3:09-cv-1176 (CFD)
CCMN1981A505), FOR EXONERATION : 
FROM OR LIMITATION OF LIABILITY : 

## RULING ON MOTION TO ENFORCE OR AMEND STAY ORDER

On June 26, 2009, Michael Vitale ("Vitale") filed suit in the Connecticut Superior Court

against Longshore Sailing School, Inc. ("Longshore") and Katherine Durie ("Durie") for

negligence in connection with the drowning death of his 3-year-old daughter Alexandra Vitale

("Vitale Action"). Longshore removed the Vitale Action to this Court. Subsequently, on July

24, 2009, Longshore filed a complaint with this Court for "exoneration from or limitation of

liability" ("Limitation Action"). On January 19, 2010, this Court granted Vitale's motion to stay

the Limitation Action and remanded the Vitale Action to state court.[1]

On December 14, 2010, Vitale moved for a prejudgment remedy ("PJR") in the Vitale

Action (which is being litigated in the Connecticut Superior Court), seeking an attachment

against Longshore's property in the amount of $3,000,000, to secure any judgment that may be

obtained. Longshore has now brought a motion in this Court, requesting the Court to enforce or

amend its stay order in the Limitation Action to prevent Vitale from proceeding with its

application for a PJR in the state court.

---

[1] In re Longshore Sailing School, Inc., Nos. 3:09-CV-1176 & 3:09-CV-1132, 2010 WL
326210 (D. Conn. Jan. 19, 2010).

Court have long noted the tension between the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, and the "saving to suitors" clause, 28 U.S.C. § 1333(1). See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448 (2001). Despite this tension, courts agree that where a vessel owner's right to seek limitation of liability is adequately protected, federal district courts should not interfere with a claimant's rights to pursue its choice of remedies in state court. See id. at 454. Here, the Court previously granted Vitale's motion to stay the Limitation Action based on five stipulations that the parties entered into, which the Court found adequately protected Longshore's right to seek limitation of liability. Based on the stipulations, if Vitale and Durie recover a judgment in state court in excess of the limitation fund and this Court finds that limitation of liability is appropriate, the claimants will not seek to enforce the excess judgment and will only seek their respective pro rate share(s) of the limitation fund. Vitale's application for a PJR in the state court does not alter Longshore's rights under the stipulations. Posting security pursuant to a PJR is distinct from paying a judgment. Thus, even though Vitale seeks a PJR in excess of the limitation fund, that does not abrogate Longshore's right to seek a limitation of liability if a judgment in excess of the limitation fund is ultimately rendered.

Accordingly, Lonsghore's motion to enforce or amend the stay order [Dkt. # 43] is DENIED.

SO ORDERED this 8th day of April 2011, at Hartford, Connecticut.


/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**